IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTOPHER AGBAJE,<br>Defendant. | Case No. 1:22-cr-00041<br>**ORDER OF REMOVAL** |

The United States and CHRISTOPHER AGBAJE have jointly requested, agreed to, and stipulated to, pursuant to Title 8, United States Code, Section 1228(c)(5), a judicial order that Defendant be removed from the United States to Nigeria. Pursuant to that stipulated request, the Court finds the following:

1. Defendant is not a citizen or national of the United States.

2. Defendant is a native and a citizen of Nigeria.

3. Defendant was most recently paroled into the United States pursuant to an Agreement on Extradition and an Extradition Treaty with the United Kingdom of Great Britain and Northern Ireland.

4. On September 22, 2026, Defendant pleaded guilty pursuant to a Plea Agreement to an Indictment charging Money Laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2.

5. The maximum term of imprisonment Defendant faces for the violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 2, as alleged in the Indictment is 20 years.

6. In Defendant's Statement in Support of Judicial Order of Removal, he has agreed to the entry of a stipulated judicial order of removal pursuant to Title 8, United States Code, Sections 1228(c)(5) and 1227. Specifically, Defendant has admitted he is a native and citizen of Nigeria and that he is removable from the United States as an alien pursuant to Title 8, United States Code, Sections 1182(a)(7)(A)(i)(I), because at the time of application for admission, Defendant was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document required by this chapter, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 1181(a) of this title, and Section 1182(a)(2)(A)(i), because Defendant has been convicted of a crime involving moral turpitude.

7. Defendant has waived his right to notice and a hearing under the Immigration and Nationality Act ("INA"), as amended, including Title 8, United States Code, Section 1228(c)(2), and related federal regulations.

8. Defendant has waived the opportunity to pursue any and all forms of relief and protection from removal, inadmissibility, deportation, or exclusion under the INA, as amended, and related federal regulations.

Therefore, IT IS ORDERED pursuant to Title 8, United States Code, Sections 1227 and 1228(c)(5) that Defendant be removed from the United States to Nigeria promptly upon his satisfaction of any sentence of imprisonment, and that the United

States Department of Homeland Security execute this Order of Removal according to the applicable laws and regulations of the United States.

Dated: 10-22-2026

DANIEL L. HOVLAND
United States District Judge